UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT PEARSON,

               Plaintiff,

-against-

ORANGE COUNTY JAIL; C.O. OFFICERS; THE STATE OF NEW YORK,

               Defendants.

24-CV-8695 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who currently is incarcerated in Elmira Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that correctional staff at the Orange County Jail ("OCJ") did not mail to the court a new lawsuit Plaintiff intended to file. He names as Defendants OCJ, "C.O. Officers," and the State of New York. By order dated January 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the complaint.[2] On October 22, 2024, Plaintiff placed a new lawsuit in OCJ's mail box in his B-4 housing unit. He forgot to include something in his lawsuit, so he asked Sergeant Spina if she could "open the mail box . . . [and] get my mail out [of] the housing unit mail box." (ECF 1, at 4.) At some point that day, an officer provided Plaintiff with his lawsuit. Later that day, Plaintiff returned the lawsuit "to the housing unit officer to put [the lawsuit] back in the unit mail box." (*Id.*) The following day, "the Sgt [and] some CO officers came to B-4 housing unit [and] open the unit mail box [and] took out the mail." (*Id.*)

Plaintiff believes that "the jail never sent [my] legal mail out" because he never received the certified receipt for this lawsuit. (*Id.* at 5.) He states that the lawsuit concerned "a lot of my civil rights being violated." (*Id.*) Plaintiff does not indicate the injuries he suffered. He seeks money damages and an FBI investigation.

According to publicly available, on October 29, 2024, the Clerk's Office received a complaint from Plaintiff concerning his medical and mental health treatment at OCJ. *See Pearson v. Cappelli*, No. 24-CV-8254 (KMK) ("*Pearson I*"). Plaintiff signed the complaint in *Pearson I* on October 22, 2024. On November 4, 2024, the Clerk's Office received a letter from Plaintiff, which was opened as a new civil action. *See Pearson v. Cappelli*, No. 24-CV-8619 (LTS) (S.D.N.Y. Jan. 3, 2025) ("*Pearson II*"). Plaintiff inquired in *Pearson II* whether the

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Clerk's Office had received a lawsuit that he had placed in his housing unit's mailbox on October 22, 2024. Because *Pearson II* concerned *Pearson I*, the Court dismissed it as duplicative of *Pearson I*. The Court ordered that Plaintiff not be charged the filing fee for this duplicative action.

On November 6, 2024, the Clerk's Office received a third complaint filed by Plaintiff, *see Pearson v. Aroyola*, No. 24-CV-8693 (LTS) ("*Pearson III*"), which he signed on October 29, 2024. *Pearson III* concerns Plaintiff's interactions with the City of Middletown Police Department.

## DISCUSSION

The Court construes Plaintiff's complaint as asserting a claim that correctional staff at the OCJ denied him access to the courts, in violation of the First Amendment. Because Plaintiff does not state such a claim, the Court dismisses the complaint for failure to state a claim.

To state an access to courts claim, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the access to courts claim; and (2) frustration or hindrance of the underlying litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. Any underlying action must be "'nonfrivolous." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff does not state an access to courts claim because he does not allege that any conduct on the part of any defendant was deliberate or malicious, or that any conduct on the part of correctional staff resulted in an actual injury. Plaintiff's contention that correctional staff did not mail his lawsuit appears contradicted by Plaintiff's current litigation in this court. For

3

example, on October 22, 2024, Plaintiff signed the complaint in *Pearson I*. This signature date corresponds with the date Plaintiff states he placed his lawsuit in his housing unit's mailbox. In *Pearson II*, Plaintiff inquired about his lawsuit placed in his housing mailbox on October 22, 2024, apparently referring to *Pearson I*. Put simply, it appears Plaintiff is litigating the case he contends correctional staff did not mail to the court, *Pearson I*. Accordingly, because Plaintiff does not allege facts suggesting that correctional staff deliberately or maliciously caused Plaintiff to suffer an actual injury, he does not state an access to courts claim. The Court therefore dismisses this claim for failure to state a claim. See 28 U.S.C. § 1915(e)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court concludes that it would not be futile to permit Plaintiff to amend his complaint, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. In the alternative, Plaintiff may resubmit the complaint he placed in the mailbox on October 22, 2024, if he believes that the court did not receive this lawsuit.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 7, 2025
       New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.